CILLESSEN CONSTRUCTION COMPANY, APPELLANT, V.
SCOTTS BLUFF COUNTY HOUSING AUTHORITY, APPELLEE.
348 N.W.2d 418

Filed April 20, 1984. No. 83-236.

Winner, Nichols, Meister, Douglas and Kelly, for appellant.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Plaintiff has appealed an order of the district court granting the defendant's motion for summary judgment.

This dispute centers upon whether Cillessen Construction Company (Cillessen) could seed the grass areas in a housing project or whether the contract required sod. Cillessen completed the project with sod and brought suit for the cost difference.

On September 9, 1980, Cillessen executed a contract with the defendant, Scotts Bluff County Housing Authority (Authority), to build 54 low-cost housing units for the price of $1,623,500.

On October 20, 1980, approximately 1 month after signing the contract, Cillessen submitted a schedule of amounts for contract payments. The schedule, which consisted of a cost breakdown for the $1,623,500 bid, included a seeding cost of $14,500 under the subcategory of site work. There was no provision for sodding in the schedule provided by Cillessen. On October 24, 1980, this schedule was signed and accepted by Ronald C. Young, the project's architect, and Pat Berzina, the executive director for the Authority.

In March of 1981 A. M. Cillessen attended a meeting of the board of directors of the Authority and stated his belief that the contract provided for an option to seed rather than sod. The Authority stated it wanted sod to be installed and requested Mr. Young and Mr. Cillessen to work out the final alternative for the installation of the lawn. Both parties have stood firm in their respective interpretations of the contract, and this dispute was brought to the courts.

Cillessen's assignments of error, stated generally, are that (1) the trial court erred in not determining the contract to be ambiguous, which would have given Cillessen the option to seed the project; (2) the trial court erred in not granting summary judgment in favor of the plaintiff, because the estoppel theory presented in the pleadings and supported by affidavits of fact in the motion for summary judgment was not contradicted by the evidence of the defendant; and (3) the trial court erred by receiving into evidence facts that were inadmissible because the affiant was not competent to testify in the specific matter.

The contract between the parties consisted of five components: the instrument, general conditions, special conditions, technical specifications, and drawings. Article 3 within the instrument states that in the event any provision in any component part of the contract conflicts with any provision of any other component part, the provisions of the component part first enumerated in article 3 shall govern, except as otherwise specifically stated.

The next relevant provision is paragraph 13a of the general conditions, which provides as follows:

Anything mentioned in the Technical Specifications and not shown on the Drawings, or shown on the Drawings and not mentioned in the Technical Specifications, shall be of like effect as if shown on or mentioned in both. In case of difference between Drawings and Technical Specifications, the Technical Specifications shall gov-

ern. In case of any discrepancy in Drawings, or Technical Specifications, the matter shall be immediately submitted to the Architect, without whose decision said discrepancy shall not be adjusted by the Contractor, save only at his own risk and expense. In case of differences between small and large scale drawings, the larger scale drawings shall take precedence.

In § 2D of the technical specifications, subsections 2A(7) and 3N include the instructions for both sodding and seeding, respectively. Cillessen relies on these two sections to contend the contractor has the option to seed or sod lawn areas because the contract is ambiguous.

The last relevant section is the architect's drawings. The drawings specifically provide: "ALL AREAS, NOT PAVED, INSIDE CONTRACT LIMIT TO BE SOD."

In reviewing the contract we have determined that the provisions were not ambiguous. The specifications for seeding and sodding set out in the special conditions merely contain instructions for compliance with the plans and drawings. It is here noted that the general conditions, the special conditions, and the technical specifications are all included in a specifications manual (part of this contract) applicable to all U.S. Department of Housing and Urban Development projects.

Furthermore, the controlling provision to this dispute is the before mentioned paragraph 13a of the general conditions. This is a situation where the drawing unambiguously requires sod to be installed; the technical specifications providing a guideline for the type of sod and how it should be maintained, and the kind of seed and how it shall be cared for, as the case may be.

Where contract language is plain and unambiguous, the court will not read an ambiguity into the language of a contract in order to construe it against the one who prepared the contract. *Rodriguez v.*

*Government Employees Ins. Co.*, 210 Neb. 195, 313 N.W.2d 642 (1981).

Cillessen contends in the second assignment of error that its affidavit of facts established a right of recovery on the theory of equitable estoppel and that the authority failed to introduce evidence to contradict that contention. We disagree.

By affidavit A. M. Cillessen, Cillessen's president, contends that he relied upon the representation of the Authority in the special conditions of the contract because, 1 month after the contract was agreed upon, the project architect, Young, and the executive director, Berzina, accepted a schedule of payment for the total project, which included seeding rather than sodding. We find that the affidavits are inadequate to prove the equitable estoppel theory.

The essential elements of equitable estoppel are: As to the party estopped, (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. As to the other party, (4) lack of knowledge and of means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice. *Kohlbeck v. City of Omaha*, 211 Neb. 372, 318 N.W.2d 742 (1982).

The first element Cillessen must show is that the Authority's conduct amounted to a false representation or concealment, or conduct which was calculated to give the impression that seeding would be

adequate. The contract on September 9, 1980, is clear that sodding is required.

The acts which are alleged to be inconsistent with the Authority's position are the signing of the payment schedule on October 24, 1980, and a periodic estimate for partial payment in October 1980. Both of these documents were submitted after the original contract was signed, and both were prepared by Cillessen, not the Authority.

Cillessen has produced no evidence of misleading conduct which occurred prior to the signing of the contract. Furthermore, the first mention of the sod or seed issue by Cillessen is in the March 17, 1981, board of directors meeting for the Authority, where the Authority requested sod. The Authority has consistently demanded sod whenever the issue has been raised.

Another element required to be shown by Cillessen is that it relied upon the contract or statements of the Authority. No facts are present in the affidavits to support the allegation that reliance existed. Because there is no conduct by the Authority to evidence an intent to allow seeding rather than sodding, nor is there evidence to show reliance by Cillessen when the contract was signed, the district court was correct in not granting a summary judgment in favor of Cillessen.

In effect, the facts offered by the affidavit of A. M. Cillessen were of no consequence and need not have been contradicted, because the documents referred to were not part of the contract and because the facts alleged were not sufficient to raise an estoppel theory. Therefore, summary judgment in favor of the defendant Authority was correct.

Summary judgment may be properly granted where there exists no genuine issue as to any material fact in the case, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983).

Cillessen also claims, in the third assigned error, that affiant Berzina was not competent to testify about a written opinion on the sod issue by the U.S. Department of Housing and Urban Development.

Evidence consisting of denials, general allegations, conclusions, arguments, and statements that would not be admissible in evidence is of no avail in opposition to a motion for summary judgment; and, to be effective, evidence opposing rendition of a summary judgment must be made on personal knowledge and show affirmatively that affiant is competent to testify to matters stated therein. *Partridge v. Younghein*, 202 Neb. 756, 277 N.W.2d 100 (1979).

Cillessen objected to paragraphs 11 and 12 of Berzina's affidavit and the attached exhibits L and M because the opinion of HUD is inadmissible hearsay evidence. We believe the court erred in receiving exhibit L in Berzina's affidavit, the opinion of HUD, into evidence. Nevertheless, the error is harmless and the remaining portion of Berzina's affidavit is sufficient evidence to show the moving party is entitled to judgment as a matter of law.

The judgment of the district court is affirmed.

AFFIRMED.