LOIS MARSHALL, PERSONAL REPRESENTATIVE OF THE ESTATE OF J. NISSLEY MARSHALL, DECEASED, APPELLANT, V. RADIOLOGY ASSOCIATES, P.C., A NEBRASKA CORPORATION, ET AL., APPELLEES.

402 N.W.2d 855

Filed March 27, 1987.   No. 85-626.

Thomas A. Gleason, for appellant.

Robert M. Slovek and Thomas J. Shomaker of Sodoro, Daly & Sodoro, for appellee Radiology Associates.

Kenneth C. Stephan of Knudsen, Berkheimer, Richardson & Endacott, for appellees Policky and Reed.

Robert T. Grimit of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Wolcott.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Lois Marshall, as personal representative of the estate of J. Nissley Marshall, deceased, commenced this action to recover damages for the wrongful death of the decedent, alleged to have been caused by the negligence of the defendants. The defendants Drs. David B. Policky, George J. Wolcott, and Jerry A. Reed are physicians who treated the deceased. The defendant Radiology Associates, P.C., furnished medical services to the deceased.

The trial court sustained the separate motions for summary judgment filed by the defendants and dismissed the plaintiff's amended petition as to all of the defendants. The plaintiff has appealed.

The action arose out of the following undisputed facts.

The decedent Marshall was hospitalized on February 21, 1980, after suffering some type of seizure. He spent 4 days in the hospital, underwent testing, and was released. The personal representative testified, by way of deposition, that the doctors were unable to determine the cause of the seizure and thought it may have been a blood clot which had dissolved.

Upon his return home the decedent resumed his normal activities, until May 24, 1980. On that day he suddenly became unable to walk and was taken to St. Elizabeth's Community Health Center. While there he was under the care of Drs. Policky and Reed, who called in Dr. Wolcott for neurological consultation.

After considering the decedent's history, various clinical findings, the neurological consultation, and CAT scan results, the doctors concurred in a diagnosis of an inoperable left frontal lobe brain tumor. The decedent was then transferred to Lincoln General Hospital on June 4, 1980, to receive cobalt treatments. The doctors continued to treat him until June 27, 1980, when he was transferred to the Veterans Administration Medical Center. The decedent died there on July 24, 1980.

An autopsy was performed the same day. No evidence of a brain tumor was found, and it was discovered that the decedent had actually died of a brain abscess. Dr. Skworcow, who performed the autopsy, testified by deposition that the primary source of the infection could not be identified. He testified that his earlier statement that "the case was originally misdiagnosed as a brain tumor and treated by cobalt" was meant only as a statement that there was a discrepancy between the clinical and pathological diagnoses, and did not imply negligence or carelessness on the part of any physician. The personal representative was notified of the results of the autopsy by a letter from the Veterans Administration dated August 7, 1980.

A notice of claim against the defendants was filed with the Director of Insurance pursuant to the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. §§ 44-2801 et seq. (Reissue 1978), on July 23, 1982. A medical review panel was convened on December 15, 1983, to consider the claim. The parties submitted written evidence to the panel prior to the hearing and presented oral arguments at the hearing. The plaintiff claimed the defendants were negligent and deviated from the applicable standard of care by failing to use reasonable care in the diagnosis of the decedent's medical condition and in failing to use reasonable care in treating it. After considering the evidence, the panel unanimously concluded that none of the defendants had deviated from the

existing standard of care.

The plaintiff then commenced this action on March 20, 1984. An amended petition was filed on May 4, 1984. The plaintiff alleged the facts summarized above and that the defendants failed to use reasonable care to properly diagnose and treat the decedent's condition and, therefore, proximately caused his death. The plaintiff sought to recover burial expenses in the amount of $3,500 and general damages for loss of companionship and pecuniary loss.

The defendants answered separately, each denying the allegations of negligence and affirmatively alleging that the plaintiff's claims were barred by the statute of limitations. Each defendant then moved for summary judgment.

A hearing on the motions was held December 10, 1984. The defendants introduced affidavits of the defendants Drs. Reed, Policky, and Wolcott and of Dr. Quentin Bradley, which separately stated that each defendant had met the applicable standard of care. Defendants Drs. Policky and Reed introduced an affidavit of Dr. Robert Haag, which stated he had personally reviewed the case and believed these doctors had not deviated from the applicable standard of care. The defendants also introduced the depositions of the autopsy physician, Dr. Skworcow; of the personal representative; and of Dr. Richard Gelwick, the physician who had treated the defendant at the Veterans Administration Medical Center. All of the pleadings and discovery material were also introduced. The plaintiff submitted only an affidavit of her attorney, with attached exhibits.

The trial court found that the defendants had made a prima facie showing that there was no genuine issue of material fact, which the plaintiff had failed to rebut, and that § 44-2828 barred the plaintiff's claims. The plaintiff's motion for a new trial was overruled July 1, 1985, and this appeal followed.

The plaintiff has assigned as error the trial court's findings that her claims were barred by § 44-2828 and that she failed to rebut the defendants' prima facie showing that no genuine issue of material fact existed.

It is clear from the record that summary judgment was properly granted on the ground that the plaintiff failed to

present sufficient evidence to rebut the defendants' prima facie showing. As that finding is dispositive of the matter, we need not consider the statute of limitations issue.

Summary judgment is proper when there is no genuine issue as to any material fact in the case. Neb. Rev. Stat. § 25-1332 (Reissue 1985). The moving party must make a prima facie showing that if the evidence were uncontroverted at trial, he would be entitled to judgment as a matter of law. *Reifschneider v. Nebraska Methodist Hosp.*, 222 Neb. 782, 387 N.W.2d 486 (1986); *Hanzlik v. Paustian*, 211 Neb. 322, 318 N.W.2d 712 (1982). Such a showing shifts the burden of producing evidence as to a factual issue to the party opposing the motion. *Reifschneider, supra*. The court then views the evidence in a light most favorable to the party opposing the motion and decides only whether there is an issue of fact, not how such an issue should be decided. See *Hanzlik, supra*. Summary judgment should be granted only when the issue is clear beyond doubt. *Hanzlik, supra* (citing *Scheideler v. Elias*, 209 Neb. 601, 309 N.W.2d 67 (1981)).

The affidavits introduced by the defendants stated that each defendant had met the applicable standard of care. Defendants Drs. Policky and Reed also introduced the affidavit of Dr. Haag in which he stated that, after having personally reviewed the case, it was his opinion both doctors had not deviated from the applicable standard of care. This evidence was sufficient to establish a prima facie showing on the issue of negligence. See, *Reifschneider, supra; Hanzlik, supra*. The burden then shifted to plaintiff to introduce competent evidence to rebut the evidence of the defendants and show that there was a genuine issue of fact.

In *Reifschneider* we stated that expert testimony is usually required to prove that a specific manner of treatment or exercise of skill by a physician, surgeon, or other professional demonstrated a failure to use reasonable care. Therefore, to rebut the defendants' evidence, plaintiff was required to produce expert testimony to show the defendants' treatment of the decedent demonstrated a failure to use reasonable care.

The only evidence presented by the plaintiff was the affidavit of her attorney which stated that Dr. Sheldon Wieder, a medical

doctor licensed in Mississippi, had been retained to testify as an expert witness. An unsigned letter, purportedly containing Dr. Wieder's analysis and opinions of the case, was attached to the affidavit. The plaintiff contends this was competent evidence and sufficient to establish there was an issue of fact.

In *Hanzlik v. Paustian*, 216 Neb. 575, 344 N.W.2d 649 (1984), we described the criteria by which the competence of an affidavit introduced to oppose a motion for summary judgment must be evaluated. Such an affidavit " 'must be made on personal knowledge, must set forth such facts as would be admissible in evidence in detail and with precision, and must show affirmatively that the affiant is competent to testify to the matters stated therein.' " *Id*. at 580, 344 N.W.2d at 652 (quoting *In re Freeholders Petition*, 210 Neb. 583, 316 N.W.2d 294 (1982)).

The affidavit in this case did not meet these requirements. The affiant was the plaintiff's attorney. The only expert testimony presented was the unsigned letter attached to the affidavit. The affiant had no personal knowledge of the facts and opinions contained in that letter. The attached letter was hearsay which would not have been admissible at trial. See *Cillessen Constr. v. Scotts Bluff Co. Hous. Auth.*, 217 Neb. 39, 348 N.W.2d 418 (1984). Finally, the affiant was not competent to testify at the trial, and there was no affirmative showing that Dr. Wieder would have been competent to testify at trial.

In addition, the attorney's statement that Dr. Wieder had been retained to testify at trial was insufficient. In *McFarland v. King*, 216 Neb. 92, 341 N.W.2d 920 (1983), we held that the plaintiff's attorney's affidavit which stated that an expert witness would be called at trial to reconstruct an accident scene did not meet the statutory requirements that the affidavit be made on personal knowledge and set forth facts which would be admissible in evidence.

In *Hanzlik v. Paustian*, 216 Neb. 575, 344 N.W.2d 649 (1984), the plaintiff's attorney's affidavit contained excerpts from two portions of the physician defendant's entries in his "Doctor's Orders and Progress Notes." The entries contained recommendations to employ certain procedures which, the plaintiff alleged, the defendant failed to employ. The affidavit

further stated that experts would testify on the plaintiff's behalf at trial. We held the affidavit was an impermissible attempt by a lay witness to interpret medical testimony concerning negligence and, therefore, was not competent evidence.

A similar situation is presented in this case. The plaintiff was attempting to bootstrap the exhibit attached to her attorney's affidavit into competent expert medical testimony. Such a result would circumvent the statutory requirements and permit the court to consider inadmissible hearsay. Plaintiff's position is not aided by the fact that the trial court admitted the affidavit into evidence. The trial court correctly admitted the affidavit but considered only those portions of the affidavit which were competent and relevant to the issues before it. See *Christensen v. Christensen*, 191 Neb. 355, 215 N.W.2d 111 (1974).

For the reasons stated, the judgment of the trial court is affirmed.

AFFIRMED.