JOHN DECAMP, APPELLANT, V. JAMES E.S. LEWIS, D.D.S., APPELLEE.

435 N.W.2d 883

Filed February 17, 1989. No. 87-379.

192

Hal W. Anderson, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

Albert M. Engles and Allen J. Potts, of Hansen, Engles & Locher, P.C., for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

SHANAHAN, J.

In his petition filed on June 28, 1985, John DeCamp alleged that James E.S. Lewis, a doctor of dental surgery, had negligently treated DeCamp. On July 29, Lewis answered and generally denied any negligence. From a summary judgment for Lewis and dismissal of the lawsuit, DeCamp appeals. We affirm.

In March of 1983, Lewis commenced treatment of DeCamp's condition, namely, a pain in the jaw resulting from DeCamp's auto accident 18 months earlier. Lewis' clinical examination disclosed that DeCamp had sustained a "Class II dental occlusion or retrognathia or posteriorly displaced lower jaw with associated posterior displacement of the lower teeth in relationship to the upper teeth." X rays at Lewis' office showed "an abnormally increased range of movement of the lower jaw to the point of dislocation and also indicated that the ligaments surrounding the joint were unduly stretched." In Lewis' opinion, the best form of treatment at that time was "self imposed restriction of jaw movement," with surgery as the alternative.

Later, DeCamp contacted Lewis' office to schedule an arthrogram to confirm Lewis' initial diagnosis. After receipt of Lewis' full explanation regarding the surgical procedure applicable to his condition, DeCamp was admitted to Lincoln General Hospital on June 29, 1983, where the next day Lewis performed surgery on DeCamp. According to DeCamp's petition, after the surgery he suffered "temporary and permanent paralysis of the facial muscles, severe headaches, mental anguish, inability to eat properly and inability to talk." DeCamp's postoperative condition allegedly required a second surgical procedure to "correct" the surgery by Lewis. DeCamp alleged that Lewis was negligent in improper surgical techniques to explore DeCamp's temporomandibular joint, inordinate exposure of DeCamp's nerves and soft tissue during

surgery, failure to fully advise DeCamp concerning the risks incident to the surgery, and failure to obtain DeCamp's informed consent to the surgery.

On October 15, 1986, more than 15 months after DeCamp had filed the suit, Lewis filed a motion for summary judgment, contending that "no competent evidence exists to affirm the Plaintiff's claim against the Defendant, and further, the evidence indicates that there is no genuine issue as to any material fact in regard to Plaintiff's claim, and that Defendant is entitled to judgment . . . as a matter of law." To support his motion, Lewis submitted his own multipage affidavit, extensively detailing his treatment of DeCamp and concluding that Lewis "exercised the care, skill and diligence that dentists in good standing in Lincoln . . . would ordinarily exercise for the benefit of their patients under similar circumstances . . . ." Lewis also offered DeCamp's answers to interrogatories indicating that, at January 28, 1986, approximately 10 months before the summary judgment motion, DeCamp had not yet "employed an expert to act on his behalf."

At the November 19, 1986, hearing on Lewis' motion for summary judgment, DeCamp's counsel acknowledged "we are not in a position to respond to the merits of the motion for summary judgment" and relied on Neb. Rev. Stat. § 25-1335 (Reissue 1985):

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

DeCamp's counsel then offered his own affidavit, signed on November 18, 1986, which stated that DeCamp's legislative duties as a state senator and his campaign for reelection to the Nebraska Unicameral had "hampered" efforts to locate and retain medical experts who would offer an opinion that Lewis' treatment of DeCamp was negligent. The attorney's affidavit further stated that DeCamp's counsel had learned from unidentified sources without specified expertise that "the

surgical procedure utilized by the defendant in this case, is a controversial one, and subject to diverse and varied opinions, and plaintiff has not been able to obtain the services of a qualified expert who is willing to testify in support of plaintiff's claim."

The district court received into evidence the affidavit by DeCamp's lawyer and also received Lewis' answers to DeCamp's interrogatories, which ostensibly contain nothing indicating Lewis' negligence in his treatment of DeCamp. The court took the summary judgment motion under advisement and, on December 1, 1986, sustained the motion and dismissed DeCamp's lawsuit. On December 11, 1986, DeCamp filed a motion for "new trial or reconsideration." At the February 20, 1987, hearing on DeCamp's motion, DeCamp offered the affidavit of Herbert J. Bloom, a Michigan oral surgeon. Bloom's affidavit, dated February 18, 1987, stated that "the care rendered to Mr. John DeCamp by Dr. James E. S. Lewis failed to adhere to the accepted standards of practice for the specialty, and, as a consequence Mr. DeCamp sustained considerable, probably long-range, injury." The court sustained Lewis' objection to Bloom's affidavit and overruled DeCamp's motion for a new trial.

DeCamp claims that the district court erred in (1) failing to grant a continuance or additional time authorized by § 25-1335; (2) sustaining Lewis' motion for summary judgment; (3) excluding Bloom's affidavit in conjunction with DeCamp's motion for a new trial; and (4) overruling DeCamp's motion for new trial.

## REQUEST FOR ADDITIONAL TIME

DeCamp argues that the district court should have granted additional time so that DeCamp could secure affidavits of expert witnesses, and relies on § 25-1335, which, as noted in *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988), is a verbatim counterpart to Fed. R. Civ. P. 56(f). In commenting on the necessary showing to obtain relief under § 25-1335, we stated in *Wachtel*:

> The purpose of § 25-1335 is to provide an additional safeguard against an improvident or premature grant of summary judgment. A § 25-1335 affidavit need not

contain evidence going to the merits of the case; rather, a § 25-1335 affidavit must contain a reasonable excuse or good cause, explaining why a party is presently unable to offer evidence essential to justify opposition to the motion for summary judgment. Section 25-1335 should be applied with the spirit of liberality.

. . . .

A continuance and other judicial action authorized by § 25-1335 are within the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.

*Wachtel v. Beer, supra* at 401-02, 427 N.W.2d at 63.

Therefore, DeCamp's claim, based on § 25-1335, succeeds only if we conclude that the district court abused its discretion in ruling that the affidavit by DeCamp's lawyer was an insufficient showing for relief in accordance with § 25-1335. While § 25-1335 provides that a party seeking relief under the statute need only present "reasons" to excuse the failure to present facts in opposition to a summary judgment motion, *Wachtel* is clear that the affidavit of the party opposing a summary judgment "must contain a *reasonable excuse or good cause*, explaining why a party is presently unable to offer evidence essential to justify opposition to the motion for summary judgment." (Emphasis supplied.) 229 Neb. at 402, 427 N.W.2d at 63. Section 25-1335 does not provide relief to a party who has been dilatory. See, 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2741 (2d ed. 1983); *Landmark Development Corp. v. Chambers Corp.*, 752 F.2d 369 (9th Cir. 1985).

DeCamp contends that § 25-1335 does not authorize a court to deny a continuance and enter summary judgment notwithstanding an affidavit filed by a party opposing a summary judgment motion, that is, a court faced with a § 25-1335 affidavit may only refuse summary judgment or grant a continuance. This argument is without merit. Section 25-1335 prescribes a prerequisite for a continuance, or additional time or other relief under the statute, namely, an affidavit stating a reasonable excuse or good cause for a party's inability to oppose a summary judgment motion. Without the

appropriate affidavit required by § 25-1335, a party is not entitled to a continuance or additional time to obtain affidavits or discovery to counteract an opposing party's motion for summary judgment. If the affidavit offered in support of a request for a continuance or additional time does not state a reasonable excuse or good cause for a continuance or additional time, a court may deny relief authorized by § 25-1335 and thereafter grant summary judgment if there has been compliance with the other requirements for a summary judgment. Therefore, the essential inquiry in this case is whether the affidavit by DeCamp's lawyer showed a reasonable excuse or good cause for inability to respond to the merits of Lewis' summary judgment motion.

In DeCamp's case, the motion for summary judgment was filed more than 3 years after Lewis' operation on DeCamp and over 15 months after DeCamp had filed his lawsuit. In ruling on a request for a continuance or additional time authorized by § 25-1335, a court may consider the complexity of the lawsuit, complications encountered in the litigation, and availability of evidence justifying opposition to a summary judgment motion, provided that a party has not been dilatory in the litigation and has not had adequate time to undertake and complete discovery or otherwise diligently prepare the case for trial. See, *First Nat. Bank v. Cities Service*, 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968); *Timberlane Lbr. Co. v. Bank of America, N.T. & S.A.*, 549 F.2d 597 (9th Cir. 1976); *Umdenstock v. American Mtge. & Inv. Co. of Oklahoma City*, 495 F.2d 589 (10th Cir. 1974).

DeCamp's case is clearly distinguishable from *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988), an action for medical malpractice, in which the defendants filed their summary judgment motions within a year after commencement of the action. Wachtel's lawyer, in an affidavit relative to § 25-1335, stated that he had contacted a medical expert witness who concluded that " 'there is evidence that the defendants . . . did not meet the appropriate standard of care . . .' " in treating the plaintiff, and further stated that still another expert witness had not had sufficient time to prepare a formal report on the question of the defendant's malpractice. 229 Neb. at 394, 427

N.W.2d at 59. At a hearing related to the defendant's motion for summary judgment, Wachtel's counsel informed that court that, although a medical expert witness had been retained for Wachtel, the defendants' depositions had not as yet been obtained, delaying rendition of an opinion by Wachtel's medical expert. Wachtel subsequently presented her expert witness' affidavit, which contained the medical opinion that " 'each of the defendants . . . deviated from the standard of care' " applicable regarding plaintiff's claim. 229 Neb. at 398, 427 N.W.2d at 61. Nevertheless, the court granted summary judgment to the defendants. In substance, Wachtel informed the court that she had a medical expert witness and needed time for the expert to review medical data preparatory to rendering an opinion in an affidavit to oppose the defendants' summary judgment motions. Under the circumstances in *Wachtel*, we held that the district court abused its discretion in refusing to allow Wachtel additional time to respond to the defendants' motions for summary judgment.

In contrast with *Wachtel*, DeCamp made no showing whatsoever that any expert witness had been retained, or, for that matter, even contacted, to assess the negligence alleged in DeCamp's claim. The first indication that DeCamp had actually contacted an expert was Bloom's affidavit of February 18, 1987, which was filed after expiration of the 18-month deadline for trial in a civil case. See Neb. Ct. R. on Case Progression Standards (rev. 1986). The only reason tendered for DeCamp's inability to present evidence in opposition to Lewis' motion was DeCamp's busy schedule and unavailability for examination by any prospective expert witness. Under the circumstances, sufficient time had elapsed for DeCamp to enlist the aid of an expert witness for the litigation, including a § 25-1335 affidavit, and obtain discovery regarding an expert witness for DeCamp. Without a satisfactory explanation for the absence of an expert witness or discovery, DeCamp's failure to obtain an expert witness relative to discovery or a § 25-1335 affidavit is fairly characterized as dilatory. Lewis was not obliged to endure protracted litigation merely because DeCamp was too busy to assist in preparation of his case against Lewis. The affidavit offered by DeCamp under § 25-1335 fails to show

any "reasonable excuse or good cause" to justify a continuance or allowance of additional time for DeCamp. See *Wachtel v. Beer, supra*. We conclude that the district court did not abuse its discretion in refusing to grant DeCamp additional time in accordance with § 25-1335.

## THE SUMMARY JUDGMENT

A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. [Citations omitted.] In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

*Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 162-63, 425 N.W.2d 872, 875 (1988).

"The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted." *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 819, 428 N.W.2d 914, 917 (1988).

"After the movant for a summary judgment has shown facts entitling the movant to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party." *Id*. We need not recount the contents of Lewis' affidavit which sufficiently showed that Lewis was entitled to summary judgment in the absence of an adequate countershowing by DeCamp.

In response to Lewis' showing in support of the summary judgment motion, DeCamp had to counter with a showing which either disputed the relevant facts alleged by Lewis, resulting in a genuine issue of material fact to be resolved, or which presented an appropriate opinion by an expert,

controverting Lewis' adherence to the applicable standard of care in the treatment of DeCamp. See *Marshall v. Radiology Assoc.*, 225 Neb. 75, 402 N.W.2d 855 (1987). When DeCamp failed to present any expert's evaluation of Lewis' treatment of DeCamp and also failed to make a countershowing to Lewis' factual allegations, DeCamp failed to meet his burden for successful opposition to Lewis' motion for summary judgment. The district court correctly granted summary judgment to Lewis.

## MOTION FOR NEW TRIAL

Finally, DeCamp claims that the district court erred in ruling on his motion for new trial, which alleged that the court's granting summary judgment to Lewis was "contrary to law as applied to the facts in this case." See Neb. Rev. Stat. § 25-1142 (Reissue 1985).

A motion for new trial is addressed to the discretion of the trial court. In the absence of an abuse of discretion, a trial court's disposition of a motion for new trial will be upheld on appeal. See *Fisher Corp. v. Consolidated Freightways*, 230 Neb. 832, 434 N.W.2d 17 (1989).

DeCamp contends that the district court improperly excluded Bloom's affidavit, which was offered in support of DeCamp's motion for new trial. We note, however, that DeCamp's motion was based on the district court's allegedly erroneous application of law to the facts of DeCamp's case, not on the discovery of new evidence. Bloom's affidavit contained a substantive evaluation of Lewis' treatment of DeCamp and was not relevant to the district court's interpretation and application of law. The trial court, therefore, correctly excluded Bloom's affidavit. Moreover, even if DeCamp had alleged discovery of new evidence as a ground for a new trial, Bloom's affidavit was insufficient to warrant the granting of a new trial because DeCamp's failure to show the reason for not discovering the information in Bloom's affidavit leaves only the conclusion that DeCamp failed to exercise due diligence in discovering the information before Lewis filed his summary judgment motion. See *Smith v. Erftmier*, 210 Neb. 486, 315 N.W.2d 445 (1982). The district court did not abuse its discretion in overruling DeCamp's motion for new trial.

AFFIRMED.

CARLSON, D.J., dissenting.

I respectfully dissent.

Neb. Rev. Stat. § 25-1335 (Reissue 1985) presents the trial court with three options: (1) "refuse the application for judgment"; (2) "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had"; or (3) "make such other order as is just." None of these options were exercised by the court, and the motion for summary judgment was summarily sustained.

Although discretionary, I do not believe the decision by the trial court or the majority is in the "spirit of liberality" prescribed in *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988). Except as a last resort, lawsuits should not be decided by the defendant's self-serving affidavit. The trial court's failure to first utilize one of the statutory options was an abuse of discretion.

I am mindful that *Wachtel* requires the party opposing the summary judgment to provide an affidavit containing "a reasonable excuse or good cause." See *Wachtel v. Beer, supra* at 402, 427 N.W.2d at 63. I find that plaintiff's initial affidavit did just that, and it was unreasonable and unjust to precipitously terminate this case. In regard to plaintiff's submitted affidavit, the trial court reluctantly received same into evidence by stating that "I'm not going to give any weight to it."

There must be an end to litigation, but even an arguably dilatory party should have one chance to correct the error of his ways. This is especially true when the statutes grant this chance.

Sustaining the motion for summary judgment was improper, and I would reverse and remand for further proceedings.