BETTY L. WAGNER, APPELLANT, V. DOUGLAS R. POPE, M.D., APPELLEE.

531 N.W.2d 234

Filed May 12, 1995.   No. S-93-170.

Robert R. Gibson for appellant.

William M. Lamson, Jr., and David J. Schmitt, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired, and HOWARD, D.J., Retired.

GRANT, J., Retired.

Betty L. Wagner, plaintiff, filed this medical malpractice action against Douglas R. Pope, M.D., defendant, for the alleged negligence of defendant in failing to undertake appropriate procedures for diagnosis of plaintiff's appendicitis condition. The trial court sustained defendant's motion for summary judgment and dismissed plaintiff's action.

Plaintiff appealed to the Nebraska Court of Appeals, contending, in summary, that the trial court erred in entering summary judgment for defendant based on the court's conclusion that defendant's own affidavit as a medical doctor and expert had established a prima facie showing that defendant would be entitled to summary judgment if that affidavit were uncontroverted, and that plaintiff's affidavit, as that of a layperson, was not sufficient to controvert defendant's affidavit and raise a question of material fact. We removed the case to this court in order to regulate the caseloads of the two appellate courts. We affirm the judgment of the district court.

The record before us consists of the affidavit of defendant, the affidavit of plaintiff, the deposition of defendant, and the deposition of William T. Griffin, M.D., who was a surgeon called in by defendant and who later did surgery on plaintiff. The evidence is basically undisputed.

Plaintiff visited defendant's office on January 3, 1990, complaining of abdominal pain and other symptoms. Defendant diagnosed the problem as a urinary tract infection and prescribed medication accordingly. Plaintiff called defendant that evening and complained that her pain had increased. Plaintiff later went to the hospital emergency room, where x rays of plaintiff were taken. The attending physician there diagnosed plaintiff as having a kidney infection and, after calling defendant, admitted plaintiff to the hospital.

Defendant saw plaintiff the next morning, January 4, and took no action other than to continue the medication which had begun the night before. Defendant next saw plaintiff on the morning of January 5. Later that morning, plaintiff complained of severe abdominal pain and began vomiting. Defendant ordered an x ray taken, which showed the plaintiff had developed a bowel obstruction. Griffin, the surgeon, was called in by defendant and saw plaintiff later that day. Defendant and Griffin decided an operation was necessary, and surgery was begun at 2:59 p.m. on January 5.

The operation, which was performed by Griffin, revealed that plaintiff had suffered a ruptured appendix, which had led to the bowel obstruction. Plaintiff recovered from surgery and later filed this malpractice suit against defendant on the grounds that defendant had failed to properly diagnose her appendicitis.

Defendant filed a motion for summary judgment. Defendant stated in an affidavit that he had not breached the applicable standard of care. He later contended that plaintiff had not presented expert testimony which showed that defendant had breached the applicable standard of care. The district court granted defendant's motion, and plaintiff appealed.

In her brief, plaintiff contends that the district court erred in sustaining defendant's motion for summary judgment. In summary, plaintiff argues that (1) excessive weight was given to defendant's affidavit and deposition testimony as his own expert witness and (2) expert testimony establishing the standard of care, coupled with the lay testimony of plaintiff, established a question regarding the possibility of malpractice.

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. After a movant for summary judgment has shown facts entitling the movant to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Schlake v. Jacobsen*, 246 Neb. 921, 524 N.W.2d 316 (1994); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994).

In reviewing an order granting a motion for summary

judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Healy v. Langdon, supra*; *VonSeggern v. Willman*, 244 Neb. 565, 508 N.W.2d 261 (1993).

We find no merit in either of plaintiff's contentions. Her contention that defendant's affidavit was insufficient to establish his right to judgment as a matter of law is not correct. This court has held that an affidavit of the defendant physician in a malpractice case, which affidavit states that the defendant did not breach the appropriate standard of care, presents a prima facie case of lack of negligence for the purposes of summary judgment. See, *Healy v. Langdon, supra*; *Marshall v. Radiology Assoc.*, 225 Neb. 75, 402 N.W.2d 855 (1987); *Hanzlik v. Paustian*, 216 Neb. 575, 344 N.W.2d 649 (1984).

The burden then shifts to plaintiff to show that an issue of material fact exists and that that fact prevents judgment as a matter of law. "After a movant for summary judgment has shown facts entitling the movant to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party." *Healy v. Langdon*, 245 Neb. at 4, 511 N.W.2d at 501. Accord, *Transamerica Commercial Fin. Corp. v. Rochford*, 244 Neb. 802, 509 N.W.2d 214 (1993); *Hanzlik v. Paustian*, 211 Neb. 322, 318 N.W.2d 712 (1982).

In a medical malpractice case, expert testimony is usually required to prove the defendant's departure from the applicable standard of care. Therefore, plaintiff had the burden of producing expert testimony which stated that defendant failed to provide care which met the applicable standard. See, *Marshall v. Radiology Assoc., supra*; *Reifschneider v. Nebraska Methodist Hosp.*, 222 Neb. 782, 387 N.W.2d 486 (1986).

Plaintiff obtained deposition testimony from Griffin, the operating surgeon, and submitted that deposition at the summary judgment hearing. Griffin's testimony presents the standard of care that was applicable to plaintiff's condition, thus satisfying the first step necessary to prove negligence. The second required step is not satisfied, because no testimony is given which shows that defendant did not meet that standard. In

fact, Griffin expressly stated that defendant had met the appropriate standard of care.

Plaintiff contends that no expert testimony is necessary to prove failure to meet the standard in this case. Plaintiff's proffered evidence of malpractice as a layperson, however, is not sufficient to prove a prima facie case of medical malpractice in this case. See *Locke v Pachtman*, 446 Mich. 216, 521 N.W.2d 786 (1994).

The judgment of the district court is affirmed.

AFFIRMED.

FAHRNBRUCH, J., not participating.