JUANITA NEFF, APPELLANT, V. EDWARD L. CLARK, JR., ET AL., APPELLEES.
DALE L. NEFF, APPELLANT, V. EDWARD L. CLARK, JR., ET AL., APPELLEES.

363 N.W.2d 925

Filed March 15, 1985.   Nos. 83-916, 83-917.

James R. Welsh and Robert V. Roach of Welsh, Sibbernsen & Roach, and Maynard H. Weinberg of Weinberg & Weinberg, P.C., for appellants.

John R. Douglas of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

HASTINGS, J.

This was a slip and fall case brought by the plaintiff Dale L. Neff, a postman, against the defendants, Edward L. Clark, Jr., and Linda C. Clark, husband and wife, owners of the premises on which the accident occurred. The plaintiff Juanita Neff, wife of Dale, also filed a petition against the defendants for loss of consortium because of her husband's injuries.

The district court sustained motions for summary judgment in favor of the defendants in both cases. The orders for summary judgment were based on a finding of no actionable negligence on the part of the defendants. On appeal here, the cases have been consolidated for briefing and argument. We affirm.

At about 10 a.m. on January 22, 1982, following an overnight snowfall of approximately 3 to 4 inches, Edward Clark went outside and started to shovel the snow from his driveway and sidewalk. He completed that task at approximately 1 o'clock. According to Edward Clark's deposition testimony, there was bad ice on top of the snow, and it was misting and starting to freeze when he finished shoveling. He went into the house to get some sand or salt to scatter on the driveway. It was while he was getting these materials that he was alerted to the fact that Dale Neff had fallen on his driveway.

According to the deposition testimony of Dale Neff, he was in the process of delivering mail at this particular time, had

made his delivery to the Clark residence, and on his way back down the driveway slipped and fell. He said that before walking up the driveway he was aware of the mist falling and was concerned that the driveway might be slick, so he tested it with his foot before starting up the incline. He also knew that the mist that was falling at the time was freezing, because he was getting ice on his rain suit.

The sole issue in this appeal is whether there was a genuine issue of material fact that the defendants had failed to meet their duty to make the premises reasonably safe for the plaintiff, an invitee. The trial court found that there was not and that the defendants had not failed to discharge their duty.

An owner or occupant of real estate owes a duty to an invitee to use reasonable care to keep the premises safe for the use of the invitee, but such owner is not an insurer against an accident. *Collins v. Herman Nut & Supply Co.*, 195 Neb. 665, 240 N.W.2d 32 (1976).

The plaintiffs cite two slip and fall cases in support of their contention that a genuine issue of fact as to defendants' discharge of their duty existed. Those cases are *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982), and *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668 (1983). In both of those cases the possessor of land had adequate notice of the dangerous condition and did nothing about it. Both cases relied on that portion of the Restatement (Second) of Torts § 343 (1965) which suggests that possessors of land who know of a condition that involves an unreasonable risk of harm to an invitee and who should expect that the invitee will not discover or realize the danger are subject to liability if they fail to exercise reasonable care to protect the invitee against the danger.

Here, the defendants did not create the hazardous condition. Clark knew of the freezing mist only as he was completing his task of clearing the driveway of accumulated snow and ice, and immediately proceeded to obtain materials necessary to eliminate the danger presented by the icy condition. The law required nothing more of him than that. As a matter of law, we agree he was not guilty of any negligence proximately causing plaintiffs' damages.

The judgment of the district court was correct and is affirmed.

AFFIRMED.