LORENA HERRERA, APPELLANT, V. FLEMING COMPANIES, INC.,
A FOREIGN CORPORATION FROM THE STATE OF OKLAHOMA
LICENSED TO DO BUSINESS IN THE STATE OF NEBRASKA,
DOING BUSINESS AS FESTIVAL FOODS, APPELLEE.

641 N.W.2d 417

Filed March 19, 2002.   No. A-01-008.

Todd V. Elsbernd, of Bradley, Maser, Kneale, Elsbernd & Emerton, P.C., for appellant.

Thomas J. Culhane and Patrick R. Guinan, of Erickson & Sederstrom, P.C., for appellee.

HANNON, INBODY, and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION

Lorena Herrera appeals from the December 1, 2000, order of the Hall County District Court granting a motion for summary judgment by Fleming Companies, Inc. (Fleming). For the reasons stated herein, we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

Sometime after 5 p.m. on December 18, 1998, Herrera went to the Festival Foods grocery store located in Grand Island, Nebraska, with her companion, Arturo Pimitel, and their two children. While in the grocery store, Herrera went to the back storage room of the store in order to use the restroom. The light was off in the restroom, and as Herrera stepped inside and turned the light on, she slipped and fell on the floor.

A grocery store employee found Herrera on the floor and called the store manager, Fred Groenke, who called the paramedics. Groenke stated in his affidavit that he was notified that a woman had fallen in the restroom and that he went back to investigate. According to Groenke, there were a few drops of water on the restroom floor, as if someone had dripped water from his or her hands after washing them. Groenke stated that on that particular day, no one had reported that there was water on the restroom floor, nor did he know how long the water was on the floor prior to Herrera's fall. He also stated that it was store policy to keep the floors clean; that store employees regularly inspect store floors, including the restroom, for spills; and that if any spills are located, they are cleaned up immediately.

Herrera stated that she did not notice that the floor was wet prior to her fall. After the fall, however, she noticed that the restroom floor was wet and that her clothes were wet from lying on the floor. Herrera had no idea how the floor came to be wet

or how long it had been wet. Pimitel and Herrera and Pimitel's daughter, Erika Pimitel, corroborated Herrera's testimony.

Brad Jerman stated that on the day in question, he was one of the paramedics who was called to a slip-and-fall accident at Festival Foods. Jerman entered the restroom at Festival Foods and noticed a woman, later identified as Herrera, lying on the floor and stated that there was water underneath and around Herrera. While assisting and treating Herrera, he squatted next to her rather than kneel on the floor in order to avoid getting his pants wet.

On November 1, 2000, Fleming filed a motion for summary judgment. A hearing was held on November 28. Fleming offered the depositions of Herrera and Pimitel and the affidavit of Groenke. Herrera also offered those exhibits as well as the affidavits of Erika Pimitel and Jerman. The court, on December 1, granted Fleming's motion for summary judgment, stating:

> In a business invitee/premises liability case there must be evidence of how the condition that created the accident occurred or evidence that the Defendant knew of the condition or by the exercise of reasonable care should have discovered or known of the condition. There is no evidence as to this burden from which liability may be inferred.

Herrera has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Herrera assigns on appeal, as consolidated and restated, that the district court erred by granting Fleming's motion for summary judgment based upon a finding that there must be evidence of how the condition which caused the accident occurred or evidence that the premises owner knew of the condition or by the exercise of reasonable care should have discovered or known of the condition.

## ANALYSIS

Herrera contends that the district court erred by granting Fleming's motion for summary judgment based upon a finding that there must be evidence of how the condition which caused the accident occurred or evidence that the premises owner knew of the condition or by the exercise of reasonable care should have discovered or known of the condition.

■ In the present case, the district court and parties proceeded under the theory that the correct test to apply in determining whether to impose liability upon a landowner or occupier for injuries sustained by a business invitee or licensee was the test enunciated in *Chelberg v. Guitars & Cadillacs*, 253 Neb. 830, 572 N.W.2d 356 (1998). Under the test enunciated in *Chelberg*, a possessor of land was subject to liability for injury caused to a business invitee by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to a business invitee; (3) the possessor should have expected that a business invitee such as the plaintiff either (a) would not discover or realize the danger, or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect a business invitee against danger; and (5) the condition was the proximate cause of damage to the plaintiff.

However, in 1996, the Nebraska Supreme Court abrogated the common-law distinction between business invitees and licensees with respect to the duty of care owed them by the landowner or occupier of land and held that a standard of reasonable care was required for all lawful visitors. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996). The *Heins* decision is prospective in nature and intended to apply only to those accidents which occurred after the decision.

Because the accident giving rise to the lawsuit in *Chelberg, supra*, occurred prior to the court's decision in *Heins*, the old test was used. Since the accident involved in the instant case occurred after the *Heins* decision, the *Heins* standard is applicable. Thus, using the *Heins* standard, we proceed to consider whether the district court erred in granting Fleming's motion for summary judgment.

■ A summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Fontenelle Equip. v. Pattlen Enters.*, 262 Neb.

129, 629 N.W.2d 534 (2001). The moving party must make a prima facie showing that if the evidence were uncontroverted at trial, he or she would be entitled to judgment as a matter of law. *Marshall v. Radiology Assoc.*, 225 Neb. 75, 402 N.W.2d 855 (1987); *Reifschneider v. Nebraska Methodist Hosp.*, 222 Neb. 782, 387 N.W.2d 486 (1986). Such a showing shifts the burden of producing evidence as to a factual issue to the party opposing the motion. *Id.*

▮ The duty of care owed a lawful entrant upon land by the landowner or occupier is that of reasonable care. *Heins, supra.* Among the factors to be considered in evaluating whether a landowner or occupier has exercised reasonable care for the protection of lawful visitors will be (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection. *Id.*

Herrera and her family entered the premises of Festival Foods during business hours for the purpose of buying groceries. Thus, she was a lawful entrant, and under *Heins, supra*, Fleming owed her a duty of reasonable care.

The Festival Foods grocery store is a place of business. The restroom located in the backroom of the store is a public restroom open to use by employees and store patrons. Herrera was a store patron who was attempting to use the restroom in the normal manner in which it was intended to be used.

As a public restroom in a grocery store, it is foreseeable that patrons, adults and children alike, will use the facility. The very nature and use to which a restroom is put also makes it foreseeable that the floor may get wet. Thus, it is foreseeable that someone may slip and fall because the restroom floor is wet.

The parties do not disagree that the restroom floor was wet, but, rather, disagree as to the extent. Herrera stated that her clothes and hair became wet from the water on the floor. Jerman stated that while assisting Herrera, he did not kneel on the floor

next to her in order to avoid getting his pants wet. However, Groenke stated that when he went to the restroom to investigate, he "saw a few tiny drops of water on the floor which looked like they had dripped from a person's hands after washing."

Groenke stated that it is store policy for the employees to regularly inspect all store floors, including the restroom, for spills and water and, if any are located, to clean the floor immediately. There was no evidence as to when the floors had last been inspected, nor was there a sign on the restroom door warning that the floor may be wet. Fleming did not establish the standard of care used by similar facilities nor did it establish what the term "regularly inspected" means. All the evidence indicates that no one knew how the water came to be on the restroom floor or how long it had been there. Therefore, Fleming did not present sufficient evidence to make a prima facie showing that it exercised reasonable care thereby requiring Herrera to rebut the evidence.

The amount of water on the restroom floor and the ultimate inferences that may be drawn from the conflicting evidence create an issue of material fact as to whether Fleming breached its duty of reasonable care. It is for the fact finder to determine on the facts of each individual case whether or not the factors enunciated in *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996), establish a breach of the duty of reasonable care. Because Fleming did not make a prima facie showing, Herrera was not required to rebut the evidence, and therefore, we find that the district court erred in sustaining Fleming's motion as a matter of law because there is an issue of material fact.

## CONCLUSION

For the above-stated reasons, we find that the district court erred in granting Fleming's motion for summary judgment. Therefore, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.