LORENA HERRERA, APPELLANT, V. FLEMING COMPANIES, INC.,
A FOREIGN CORPORATION FROM THE STATE OF OKLAHOMA
LICENSED TO DO BUSINESS IN THE STATE OF NEBRASKA,
DOING BUSINESS AS FESTIVAL FOODS, APPELLEE.
655 N.W.2d 378

Filed January 17, 2003. No. S-01-008.

Todd V. Elsbernd, of Bradley, Maser, Kneale, Elsbernd &
Emerton, P.C., for appellant.

Thomas J. Culhane, Patrick R. Guinan, and John C. Brownrigg, of Erickson & Sederstrom, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

In this personal injury action, Fleming Companies, Inc., doing business as Festival Foods (Fleming), was granted further review of the decision of the Nebraska Court of Appeals which reversed an order of summary judgment entered by the Hall County District Court and remanded the cause for further proceedings. See *Herrera v. Fleming Cos.*, 10 Neb. App. 987, 641 N.W.2d 417 (2002).

## SCOPE OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *R.W. v. Schrein*, 264 Neb. 818, 652 N.W.2d 574 (2002).

## FACTS

On December 18, 1998, Lorena Herrera slipped and fell as she entered a public restroom in the Festival Foods grocery store in Grand Island, Nebraska. Fred Groenke, the store director, was notified by an employee that Herrera had fallen. Groenke in turn called paramedics.

In an affidavit, Groenke stated that he observed a few drops of water on the restroom floor, as if someone had dripped water from his or her hands after washing them. He stated that no one had reported water on the restroom floor and that he did not know how long the water had been there prior to Herrera's fall. He asserted that the store had a policy of keeping the floors clean, that the floors were regularly inspected for spills by store employees, and that spills were cleaned up immediately.

Herrera stated in her deposition that after she opened the door to the restroom, she fell as she stepped in and stretched out her

hand to turn on the light. Herrera claimed that she did not notice water on the floor prior to her fall. She said that the entire floor was wet and that her clothes were wet after the fall. She did not know where the water came from or the length of time the floor had been wet. Herrera said that she hurt her right wrist, her back, and her head, which hit the wall as she fell, and that she was hospitalized for 3 days. She has had memory problems since the accident. Herrera's testimony was corroborated by Arturo Pimitel and their daughter Erika, who both accompanied Herrera to Festival Foods on the day of the accident.

Brad Jerman, one of the paramedics who was called to assist Herrera, stated in his affidavit that when he entered the restroom, he saw Herrera lying on the floor and observed water underneath and around her. He squatted next to Herrera to treat her rather than kneeling on the floor because he wanted to avoid getting his pants wet.

The Hall County District Court granted summary judgment in favor of Fleming. The court stated that the case raised a question of storekeeper liability to a business invitee. The court held that in such a case, the plaintiff must establish several elements, including that the business owner created the condition that caused the accident, knew of the condition, or by exercise of reasonable care should have discovered the condition. The court found that Herrera failed to present evidence to establish that Fleming knew of the water or should have known of the water and failed to present evidence from which liability could be inferred.

The Court of Appeals reversed the judgment and remanded the cause for further proceedings. See *Herrera v. Fleming Cos.*, 10 Neb. App. 987, 641 N.W.2d 417 (2002). In doing so, the Court of Appeals construed *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996), as establishing a new standard for determining when an owner or possessor of land is liable to a lawful visitor for injury caused by a condition on the premises, stating that under *Heins*, the test is whether the landowner or possessor exercised reasonable care.

The Court of Appeals held that Fleming did not establish the standard of care used by similar facilities, nor did it establish the meaning of the term " 'regularly inspected.' " *Herrera v. Fleming Cos.*, 10 Neb. App. at 992, 641 N.W.2d at 422. Therefore,

according to the Court of Appeals, Fleming had not presented sufficient evidence to make a prima facie showing that it exercised reasonable care, which would then require Herrera to rebut the evidence. The Court of Appeals concluded that the district court erred as a matter of law in granting Fleming's motion for summary judgment because Fleming did not make a prima facie showing and because the amount of water on the restroom floor was a material issue of fact in dispute. We granted Fleming's petition for further review.

## ASSIGNMENTS OF ERROR

In seeking further review, Fleming assigned as error (1) the Court of Appeals' holding that *Heins* abrogated Herrera's burden to establish a prima facie case of negligence; (2) the Court of Appeals' holding that Herrera was not required to present evidence that Fleming created the condition, knew of the condition, or by exercise of reasonable care could have discovered the condition present on the restroom floor; (3) the Court of Appeals' holding that *Heins* shifted the burden of proof to Fleming to prove that Herrera's fall was not caused by negligence on its part; and (4) the Court of Appeals' failure to affirm the order granting summary judgment.

## ANALYSIS

In *Heins*, this court abrogated the common-law distinction between business invitees and licensees and the duty of care owed them. Prior to *Heins*, landowners owed invitees a duty of reasonable care to keep the premises safe for the use of the invitee, see *Neff v. Clark*, 219 Neb. 521, 363 N.W.2d 925 (1985), and a greater duty was owed to an invitee than was owed to a licensee. A licensee was defined as a person who was privileged to enter or remain upon the premises of another by virtue of the possessor's express or implied consent but who was not a business visitor. *Heins v. Webster County, supra.* The duty owed by an owner or occupant of a premises to a licensee was to refrain from injuring the licensee by willful or wanton negligence or designed injury, or to warn him, as a licensee, of a hidden danger or peril known to the owner or occupant but unknown to or unobservable by the licensee, who was required to exercise ordinary care. *Id.*

In *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996), we held that a landowner must exercise reasonable care toward all lawful visitors, and we set forth several factors to be considered in evaluating whether reasonable care has been exercised. Among the factors to be considered are (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection. *Id.* We retained a separate classification for trespassers because we concluded that one did not owe a duty to exercise reasonable care to those not lawfully on one's property. We expressly stated that our holding did not mean that owners and occupiers of land were now insurers of their premises. *Id.*

■ *Heins* did not abrogate the elements necessary to establish liability on the part of a possessor of land for injury caused to a lawful visitor by a condition on the land. A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the defendant should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. See, *Derr v. Columbus Convention Ctr.*, 258 Neb. 537, 604 N.W.2d 414 (2000); *Chelberg v. Guitars & Cadillacs*, 253 Neb. 830, 572 N.W.2d 356 (1998). The several factors described in *Heins* regarding reasonable care are to be considered under subsection (4) above.

The Court of Appeals erred in its analysis of *Heins*. In a premises liability case involving a slip-and-fall accident, it is

incumbent upon the plaintiff to show that the accident was a result of the defendant's negligence. The Court of Appeals found that Fleming had not established the standard of care used by similar facilities to inspect its floors and did not establish the meaning of the term "regularly inspected." The court therefore concluded that Fleming did not present sufficient evidence to make a prima facie showing that it had exercised reasonable care, thereby requiring Herrera to rebut the evidence.

 A plaintiff in a premises liability case is required to adduce evidence showing that there was a negligent act on the part of the defendant and that such act was the cause of the plaintiff's injury. See *King v. Crowell Memorial Home*, 261 Neb. 177, 622 N.W.2d 588 (2001). An allegation of negligence is insufficient where the finder of fact must guess at the cause of the accident. *Id.* While circumstantial evidence may be used to prove causation, the evidence must be sufficient to fairly and reasonably justify the conclusion that the defendant's negligence was the proximate cause of the plaintiff's injury. *Id.*

 A person who alleges negligence on the part of another bears the burden to prove such negligence by direct or circumstantial evidence. See *Bargmann v. Soll Oil Co.*, 253 Neb. 1018, 574 N.W.2d 478 (1998). The mere fact that an injury or accident occurred does not raise a presumption of negligence. See, *id.*; *Holden v. Urban*, 224 Neb. 472, 398 N.W.2d 699 (1987).

At the hearing on its motion for summary judgment, Fleming offered the deposition of Herrera. In her deposition, Herrera stated she did not know how long the water had been on the floor. Fleming's store director stated in his affidavit that no one had reported water on the restroom floor and that he did not know how long the water had been there. The store had a policy of keeping the floors clean, and the floors were regularly inspected for spills. From this evidence, no reasonable inference could be drawn as to how long the water had been on the floor.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *R.W. v. Schrein*, 264 Neb. 818, 652 N.W.2d 574 (2002). A

prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial. At that point, the burden of producing evidence shifts to the party opposing the motion. *Durkan v. Vaughan*, 259 Neb. 288, 609 N.W.2d 358 (2000).

In a premises liability case, the plaintiff must establish that the defendant created the condition, knew of the condition, or by the exercise of reasonable care should have discovered or known of the condition. Herrera did not allege that Fleming created this condition but that Fleming knew or should have known of the water on the restroom floor. As the party moving for summary judgment, Fleming established that no one knew how long the water had been on the floor. There was no evidence or reasonable inference that Fleming created the condition, knew of the condition, or should have known of the condition. If these facts remained uncontroverted, Fleming was entitled to a judgment as a matter of law. Therefore, the burden shifted to Herrera.

The burden having been shifted to Herrera, she failed to produce any evidence from which a reasonable inference could be drawn that Fleming knew or by the exercise of reasonable care should have known of the water on the floor. Thus, the district court correctly determined that Fleming was entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth herein, we reverse the decision of the Court of Appeals and remand the cause thereto with directions to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.