Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/14/2021 09:07 AM CST

Beti Wichman, appellant,
v. Hy-Vee, Inc., appellee.
___ N.W.2d ___

Filed December 7, 2021.    No. A-21-130.

1.  **Summary Judgment: Appeal and Error.** An appellate court affirms a
    lower court's grant of summary judgment if the pleadings and admitted
    evidence show that there is no genuine issue as to any material facts or
    as to the ultimate inferences that may be drawn from the facts and that
    the moving party is entitled to judgment as a matter of law. In reviewing
    a summary judgment, an appellate court views the evidence in the light
    most favorable to the party against whom the judgment was granted, and
    gives that party the benefit of all reasonable inferences deducible from
    the evidence.
2.  **Negligence: Liability: Proximate Cause.** In premises liability cases,
    an owner or occupier is subject to liability for injury to a lawful visi-
    tor resulting from a condition on the owner or occupier's premises if
    the lawful visitor proves (1) that the owner or occupier either created
    the condition, knew of the condition, or by exercise of reasonable care
    would have discovered the condition; (2) that the owner or occupier
    should have realized the condition involved an unreasonable risk of
    harm to the lawful visitor; (3) that the owner or occupier should have
    expected that the visitor either would not discover or realize the danger
    or would fail to protect himself or herself against the danger; (4) that
    the owner or occupier failed to use reasonable care to protect the visitor
    against the danger; and (5) that the condition was a proximate cause of
    damage to the visitor.
3.  **Negligence: Words and Phrases.** Constructive knowledge is gener-
    ally defined as knowledge that one using reasonable care or diligence
    should have.
4.  **Negligence: Liability: Invitor-Invitee: Notice.** In order for a defendant
    to have constructive notice of a condition, the condition must be visible
    and apparent and it must exist for a sufficient length of time prior to an

accident to permit a defendant or the defendant's employees to discover and remedy it.

5. **Negligence: Evidence: Liability: Jurors.** In the absence of evidence to support an inference of the possessor's actual or constructive knowledge of a hazardous condition, the Nebraska Supreme Court has refused to allow the jury to speculate as to the possessor's negligence.

6. **Summary Judgment.** Inferences based upon guess or speculation do not create material issues of fact for purposes of a summary judgment.

7. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeal from the District Court for Madison County: James G. Kube, Judge. Affirmed.

George H. Moyer, of Moyer, Moyer & Lafleur, for appellant.

Torrey J. Gerdes and Christopher M. Schmidt, of Baylor Evnen, L.L.P., for appellee.

Riedmann, Bishop, and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Beti Wichman appeals the order of the district court for Madison County, which granted the motion for summary judgment of Hy-Vee, Inc., in this premises liability action. Finding no error in the court's decision, we affirm.

## BACKGROUND

This case arises out of a slip-and-fall incident that occurred on August 10, 2015, at a Hy-Vee grocery store located in Norfolk, Nebraska. The facts are generally undisputed. Wichman and her 12-year-old granddaughter were shopping at Hy-Vee around 9 p.m. on August 10. As they came around the end of an aisle, a Hy-Vee employee was stocking chicken in an endcap freezer. Wichman engaged the Hy-Vee stocker in brief conversation before walking away from her granddaughter and their shopping cart to look at the items on sale in

a chest freezer. As Wichman was standing in front of the chest freezer, Wichman's granddaughter yelled, "Grandma, you're standing in milk." Wichman looked down and saw that she was standing in a puddle of milk. She attempted to walk out of it, but slipped and fell, sustaining injuries to her right elbow and wrist.

Thereafter, Wichman filed this action against Hy-Vee. Hy-Vee moved for summary judgment, offering in support of its motion several depositions, including that of the stocker taken July 12, 2018. According to the evidence presented at the summary judgment hearing, the stocker with whom Wichman conversed had been in the area for approximately 20 minutes prior to Wichman's fall. He was stocking frozen chicken in an endcap freezer and had a cart loaded with large boxes of chicken positioned behind him. His back was to the chest freezer where Wichman fell. He testified at his deposition that he did not hear anything, because the doors to the endcap freezer were open, so it was a "little loud" because the freezer fan was running. Thus, he did not see or hear Wichman fall. It was not until he turned around to grab another item from the cart that he saw Wichman on the floor.

The stocker also testified that he did not recall if he saw milk on the floor, but if he would have seen it, he would have cleaned it up. He returned to the store's back freezer to restock his cart approximately three or four times before the slip and fall, and while doing so, he did not walk past the chest freezer where Wichman fell. He was asked why, if he made several trips to and from the back freezer while stocking the chicken, he would not have seen the milk on the floor, and he replied that he was not paying attention to "it" and that the floor is white so it would be hard to see spilled milk on the floor if he was not specifically looking for it. He explained that he was not looking in the area of the chest freezer; he was just going back and forth. He was not stocking the chest freezer or working at the chest freezer, he did not walk past it on his path, and he did not see any milk by the chest freezer. He later

clarified that when he said he was not paying attention to "it," he meant that he was paying attention to doing his job and was not particularly focused on the area of the chest freezer.

The stocker explained that according to his training from the store, if he saw a foreign substance on the floor, he was to put out a yellow caution sign and then either clean it up or find another employee to do so. He also explained that store managers walk around the store while on duty and would be more actively looking for spills.

The retail store director for the Hy-Vee at the time of the incident also testified that the store's training and operating procedure dictates that if an employee sees a puddle on the floor, he or she is to clean it right away. The area where Wichman fell would have been behind where the stocker was stocking frozen chicken. The store director was asked if the stocker should have been able to see the puddle of milk on the floor, and he replied, "No, not necessarily," because, according to his 30 years of experience, observing spilled milk on a white floor from approximately 20 feet away would "probably [be] pretty hard to see."

The store manager who was on duty at the time Wichman fell testified that he began working at 2 p.m. that day. Part of his management duties included walking the store to look for things like spills. He walked the store when he came in at 2 p.m. and did not see any spills on the floor. He would generally walk through the store two or three times per night, in part looking for spills or debris on the floor. Hy-Vee's policy dictates that if an employee finds a spill, he or she is to clean it up immediately. The store also does a "sweep schedule" where a manager will send an employee around the store with a broom to clean up loose debris and other things from the floor, pick up signs, and clean up anything that needs attention. This is done periodically throughout the day, at least two to three times per day or more frequently depending on the number of staff on duty at the time. The manager did not recall the last time that was done prior to Wichman's fall.

Wichman testified at her deposition that she did not see the milk on the floor until her granddaughter brought it to her attention. She specified that she did not initially see the milk because it was the same color as the floor. She did not know where the milk came from or how long it had been on the floor before she stepped in it. Wichman's granddaughter testified similarly, describing the Hy-Vee floor as "white with light blue specks." She explained that she looked at Wichman while Wichman was standing in front of the chest freezer and then looked down at the floor and thought, "[W]hat the heck is that?" She noticed the substance on the floor was white and wondered if it was milk. She also described seeing a milk jug and its red top on the floor near the chest freezer and the puddle of milk.

The district court granted summary judgment in favor of Hy-Vee. The court observed that the question in this case was whether Hy-Vee, by the exercise of reasonable care, should have discovered the spilled milk prior to Wichman's fall or, in other words, whether Hy-Vee had constructive knowledge of the existence and location of the milk. The court found that the evidence was insufficient to support an inference that Hy-Vee had constructive knowledge of the spilled milk prior to Wichman's fall because Wichman failed to submit evidence concerning how long the milk had been on the floor or whether any employee knew of the condition of the floor at the time of her fall. Ultimately, because there was no evidence or reasonable inference that Hy-Vee knew or should have known of the spilled milk on the floor, the district court found that Hy-Vee was entitled to judgment as a matter of law.

Wichman filed motions for a new trial and to alter or amend. The district court denied Wichman's motions but granted Hy-Vee's motion to alter or amend to tax costs to Wichman. Wichman appeals.

## ASSIGNMENTS OF ERROR

Wichman assigns that the district court erred in (1) granting the motion for summary judgment, (2) concluding that

there were no issues of material fact and that Hy-Vee was entitled to judgment as a matter of law, and (3) denying her motion for new trial.

## STANDARD OF REVIEW

[1] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## ANALYSIS

[2] In premises liability cases, an owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises if the lawful visitor proves (1) that the owner or occupier either created the condition, knew of the condition, or by exercise of reasonable care would have discovered the condition; (2) that the owner or occupier should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) that the owner or occupier should have expected that the visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger; (4) that the owner or occupier failed to use reasonable care to protect the visitor against the danger; and (5) that the condition was a proximate cause of damage to the visitor. *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016).

The parties agree that this case revolves around the first element and that it is undisputed Hy-Vee did not create the condition or have actual knowledge of the condition. Thus, as the district court recognized, the question here is whether

a genuine issue of material fact exists as to whether Hy-Vee, by the exercise of reasonable care, should have discovered the condition of the spilled milk prior to the slip and fall or, in other words, whether Hy-Vee had constructive knowledge of the existence and location of the spilled milk.

[3-6] Constructive knowledge is generally defined as knowledge that one using reasonable care or diligence should have. *Id*. In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it. *Id*. In the absence of evidence to support an inference of the possessor's actual or constructive knowledge of the hazardous condition, the Nebraska Supreme Court has refused to allow the jury to speculate as to the possessor's negligence. *Id*. Inferences based upon guess or speculation do not create material issues of fact for purposes of a summary judgment. *Id*.

Wichman argues that summary judgment was improper in this case because there is a genuine issue of material fact as to whether Hy-Vee acted with reasonable care when the stocker was in the area of Wichman's fall for approximately 20 minutes prior to the fall and testified that he was not paying attention to his surroundings. We disagree.

As outlined in *Edwards v. Hy-Vee, supra*, the dangerous condition must be visible and apparent and it must exist for a sufficient length of time to permit the defendant or its employees to discover and remedy it. In *Edwards v. Hy-Vee, supra*, the plaintiff slipped on what was presumed to be a piece of watermelon approximately 6 feet from where a person was passing out watermelon samples. On appeal, the Supreme Court upheld a grant of summary judgment in favor of the defendant, finding that there was no evidence to support an inference that the defendant had constructive knowledge of the watermelon on the floor, despite the fact that the watermelon

was being passed out approximately 6 feet from where the plaintiff fell. The Supreme Court stated simply, "[The plaintiff] did not know how long the watermelon was on the floor, and there was no evidence that [the defendant's] employees observed any watermelon on the floor." *Id*. at 243, 883 N.W.2d at 45.

Similarly, in *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003), the plaintiff slipped on water and fell in a grocery store restroom. The trial court entered summary judgment for the defendant. In affirming that decision on appeal, the Supreme Court determined that the plaintiff failed to produce any evidence from which a reasonable inference could be drawn that the defendant knew or by the exercise of reasonable care should have known of the water on the floor when the plaintiff testified in her deposition she did not know how long the water had been on the floor and when the defendant's store director stated that no one had reported water on the floor and that he did not know how long the water had been there. The evidence further indicated that the defendant had a policy of keeping the floors clean and that the floors were regularly inspected for spills.

Likewise here, Wichman did not know how long the milk had been on the floor, and there was no evidence that Hy-Vee employees observed it or knew how long it had been on the floor either. The fact that the stocker was in the area of Wichman's fall for approximately 20 minutes prior to the fall is insufficient evidence to support an inference that Hy-Vee had constructive knowledge of the milk on the floor. Hy-Vee employees and managers regularly walked around the store looking for spills or debris on the floor, and the manager did so on the day Wichman fell. None of the Hy-Vee employees reported seeing any milk on the floor before Wichman fell. In the absence of evidence to support an inference of the possessor's actual or constructive knowledge of the hazardous condition, it is improper to allow the jury to speculate as to the possessor's negligence. See *Edwards v. Hy-Vee*, 294 Neb. 237,

883 N.W.2d 40 (2016). We therefore conclude that Wichman failed to adduce any evidence which would permit a fact finder to infer that Hy-Vee should have discovered the spilled milk on the floor and remedied the condition prior to her fall. The district court therefore did not err in granting summary judgment in favor of Hy-Vee.

Wichman also briefly argues that summary judgment was inappropriate because a fact question existed as to whether Hy-Vee employees would realize that a customer would have been distracted from seeing the spilled milk on the floor. She refers to this as the "momentary distraction" rule.

We outlined the five elements that a plaintiff must prove to establish a premises liability claim above. Of those five elements, the first three clarify the scope of the land possessor's duty to lawful entrants. See *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020). The Supreme Court has described this duty as a specialized standard of care that includes three elements in addition to the ordinary duty of reasonable care. See *id*. More precisely, the first three elements identify those conditions on the land regarding which a land possessor owes a duty of reasonable care to protect lawful entrants from physical harm. *Id*.

Wichman's argument regarding the momentary distraction rule relates to the third of the five elements, which requires Wichman to prove that Hy-Vee should have expected that she either would not discover or realize the danger or would fail to protect herself against the danger. See *id*. See, also, *Edwards v. Hy-Vee, supra*. Because we have concluded that Wichman failed as a matter of law to produce evidence of the first element, we need not address whether Hy-Vee should have expected that Wichman would not discover the spilled milk.

[7] Wichman also assigns that the district court erred in denying her motion for new trial. She does not argue this issue in her brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party

asserting the error to be considered by an appellate court. *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020). Because Wichman has not done so, we do not address this issue.

### CONCLUSION

We conclude that the district court did not err in granting Hy-Vee's motion for summary judgment. Its decision is therefore affirmed.

Affirmed.