IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


FULLER V. BURRITO BUILDERS LINCOLN 102


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


RENAE C. FULLER, APPELLANT,

V.

BURRITO BUILDERS LINCOLN 102, L.L.C., DOING BUSINESS AS
PANCHEROS MEXICAN GRILL, ET AL., APPELLEES.


Filed May 16, 2023.    No. A-22-683.


Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Staci Hartman-Nelson for appellant.

Leslie S. Stryker Viehman, of Nolan, Olson & Stryker, P.C., L.L.O., for appellees.


PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Renae C. Fuller filed an action in the district court for Lancaster County, as a result of her falling on a sidewalk outside of a restaurant in Lincoln, Nebraska. The defendants named in Fuller's suit jointly filed a motion for summary judgment, which the district court sustained. Fuller appeals from the district court's decision to sustain the motion for summary judgment. Upon our review of the record, we conclude that there is no genuine issue of material fact as to whether a dangerous condition on the sidewalk outside of the restaurant was the proximate cause of Fuller's fall because there is no evidence that any such dangerous condition existed at the time of the fall. As such, we affirm the district court's granting of summary judgment in favor of the defendants.

- 1 -

BACKGROUND

On January 22, 2016, between 2:30 and 3 in the afternoon, Fuller fell on the sidewalk outside of Pancheros Mexican Grill (Pancheros), a restaurant located on North 66th Street in Lincoln. As a result of the fall, Fuller broke her hip and had to undergo surgery and rehabilitation.

Fuller subsequently filed a complaint against the following defendants: Burrito Builders Lincoln 102, LLC and Burrito Builders, Inc. (both doing business as Pancheros); Dan Hiserote, President of Burrito Builders Lincoln 102, LLC and Burrito Builders, Inc.; Panchero's Franchise Corporation; Rodney Anderson, President of Panchero's Franchise Corporation; 200 Lincoln Retail, LLC, owners of the building where Pancheros was located in Lincoln; and Pacific Realty Commercial, LLC (doing business as Colliers International), the property managers for the building where Pancheros was located in Lincoln.

In Fuller's complaint, she alleged that on January 22, 2016, "she tripped over an area of raised concrete at the entrance of [Pancheros] and fell to the ground, fracturing her left hip." Fuller further alleged that each of the defendants had a duty to maintain the area in front of the restaurant in a reasonably safe condition and to warn and protect customers from any dangerous conditions. Fuller contended that the defendants had breached their duties and/or were negligent in that they either created the defect on the sidewalk, knew of the defect, or should have discovered the defect and fixed it or warned customers of its existence. Fuller sought a judgment against the defendants for special damages, medical expenses, and general damages.

The defendants moved collectively for summary judgment. In their motion, the defendants denied that they were in any way negligent in their control of the sidewalk outside of the restaurant: "nothing in the record or produced by [Fuller] has shown that Defendants created the condition, knew of the condition, or by the exercise of reasonable care should have discovered or known of the condition. Furthermore, the facts of the matter show that no dangerous condition existed." At a hearing on the defendants' motion for summary judgment, they offered into evidence Fuller's deposition testimony; their answers to some of Fuller's interrogatories; and affidavits from representatives for 200 Lincoln Realty, LLC and Pacific Realty Commercial, LLC and from Dan Hiserote. In opposition to the motion for summary judgment, Fuller offered, among other evidence, her own affidavit and the defendants' answers to her interrogatories and to her requests for production of documents.

In her deposition, Fuller testified that on the morning of January 22, 2016, she traveled to Lincoln from her home in Deshler for work. Fuller described the weather that day as very cold, but with no falling precipitation. After arriving in Lincoln and completing some work, Fuller decided to go get something to eat and then go to her hotel. She stopped at Pancheros, which was near to her hotel. When Fuller arrived at Pancheros, it was still light outside and she did not notice anything irregular about either the parking lot or the sidewalk on her walk from her vehicle to the doors of the restaurant. Fuller ended up not staying inside of the restaurant very long because she decided she did not want to eat there after viewing the menu.

Fuller exited Pancheros from the same door she entered. She testified that after opening the door to leave, "my boot got caught, and there was raised concrete, and then I went tumbling forward." Initially, Fuller "guestimat[ed]" that the location of the raised concrete was "probably right underneath [the] door area." However, when Fuller was shown a picture which depicts a

slight depression in a portion of concrete that is further from the restaurant's door, she testified that she must have been further away from the door than she thought because she must have tripped over this flaw in the concrete. Fuller admitted that she did not see any flaw in the concrete at the time of the fall. She also did not know when the picture of the concrete shown to her was taken or whether the plates of concrete shifted, causing the depression, prior to her fall or between the time of her fall and when the pictures were taken.

During her deposition, Fuller was also unable to recall approximately how many steps she had taken from the door prior to her fall. She was unable to recall how her feet were positioned at the time of the fall or whether it was her left or right foot which got caught on the concrete. Essentially, Fuller testified that she believed that there must have been a flaw in the concrete at the time of her fall because otherwise her boot would not have gotten caught on the concrete and she would not have fallen.

Other evidence presented by the defendants at the summary judgment hearing demonstrated that none of the defendants had knowledge of any defects in the sidewalk outside of Pancheros at the time of Fuller's fall. Pacific Realty Commercial indicated that as the property manager for the building, it was tasked with regularly inspecting the sidewalks for defects. It did so in April 2016 after learning of Fuller's fall. During this inspection, it was noted "that the alleged incident occurred in the middle of winter when concrete heaving is very typical." Burrito Builders indicated that employees of Pancheros would routinely inspect the area in front of the restaurant for trash or clutter. No other complaints were received regarding Pancheros' sidewalks either before or after Fuller's fall.

Fuller presented her own sworn affidavit in opposition to the motion for summary judgment. This affidavit was dated December 2021, approximately 8 months after Fuller gave her deposition. In the affidavit, Fuller alleged, "As I was exiting the restaurant my boot got caught on raised concrete and caused me to fall." She further alleged, "There were no warning signs or notice placed on the sidewalk at the entrance of the restaurant." Attached as an exhibit to Fuller's affidavit was a written statement she claimed was made on January 28, 2016, six days after the fall. The district court granted the defendants' motion to not consider this statement.

Other evidence presented by Fuller included Pacific Realty Commercial's indication in its response to Fuller's request for production of documents, that in November 2016, ten months after Fuller's fall, it completed routine inspections of the sidewalk outside of Pancheros and routine caulking of the building. Attached to Pacific Realty's responses was the picture shown to Fuller during her deposition which depicted the sidewalk outside of Pancheros with a slight depression in a part of the concrete. This photograph is not dated. While it is not apparent in our electronic version of this photograph, testimony in the record from Fuller indicates that a coin exists in the photograph indicating that the depression was less than the full length of the coin. Additionally, Fuller offered into evidence Burrito Builders' franchise agreement with Pancheros dated in July 2012. Part of this agreement indicates that Burrito Builders agreed to ensure that a patio would be added to the south side of the building and "sidewalk repaired and extended from front west entrance to patio consistent with applicable codes."

After the hearing, the district court entered a lengthy and detailed order granting summary judgment in favor of the defendants. The court found:

In sum, the Defendants produced evidence that they did not create, know of, or have notice of uneven sections of concrete in front of the restaurant's entrance. [Fuller] failed to produce any evidence to create a genuine factual dispute on the first element of her premises liability claim. Further, because there is no non-speculative basis to conclude that the concrete sections were uneven when [Fuller] fell, it would also be speculative to conclude that uneven sections of concrete proximately caused [Fuller] to fall. The Defendants are therefore entitled to judgment as a matter of law because there is no factual dispute on the first and fifth elements of [Fuller]'s premises liability claim.

Fuller appeals from the district court's order granting summary judgment in favor of the defendants.

## ASSIGNMENT OF ERROR

Fuller assigns that the district court erred in granting the defendants' motion for summary judgment after concluding that there was no issue of material fact as to whether the defendants had constructive knowledge of the uneven condition of the concrete that Fuller alleges caused her to trip and fall.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *White v. White*, 31 Neb. App. 691, 988 N.W.2d 207 (2023).

## ANALYSIS

In premises liability cases, an owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises if the lawful visitor proves (1) that the owner or occupier either created the condition, knew of the condition, or by exercise of reasonable care would have discovered the condition; (2) that the owner or occupier should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) that the owner or occupier should have expected that the visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger; (4) that the owner or occupier failed to use reasonable care to protect the visitor against the danger; and (5) that the condition was a proximate cause of damage to the visitor. *Edwards v. Hy-Vee, supra*. Here, the district court found that Fuller failed to produce any evidence which demonstrated that a dangerous condition existed on the sidewalk outside of Pancheros at the time of her fall and that, as such, Fuller could not demonstrate that any such dangerous condition was the proximate cause of her fall and subsequent injuries. Upon our review of the record, we agree with the district court's findings in this regard.

- 4 -

The evidence presented at the summary judgment hearing demonstrates that on January 22, 2016, Fuller fell, injuring her hip, upon leaving Pancheros. However, there was no evidence presented to establish why Fuller tripped and fell. Fuller testified during her deposition and stated in her affidavit that her boot got caught on a section of raised concrete causing her to fall forward onto the sidewalk. However, Fuller did not observe any area of raised concrete on her walk into the restaurant, when she left the restaurant, or after the fall. In her deposition, she was unable to describe with any certainty exactly where she fell on the sidewalk until she was shown a picture of uneven concrete. Then, she believed that she must have fallen in that location because there was raised concrete. Such picture was not taken contemporaneously with the fall, though. It was, apparently, taken months later. And, because Fuller did not observe the uneven concrete at the time of the fall, she was unable to confirm whether the picture shown to her accurately depicted the condition of the concrete in January 2016.

Fuller's assertion that the concrete was uneven at the time of her fall is based on mere speculation. At the summary judgment hearing, she offered into evidence documentation to indicate that some part of the sidewalk outside of Pancheros was to be repaired in 2012 as part of Burrito Builders' franchise agreement with Pancheros Franchise Corporation. She also offered evidence that in November 2016, 10 months after her fall, Pacific Realty Commercial LLC conducted a routine inspection of the sidewalk outside of the restaurant. This evidence does not prove anything about the condition of the sidewalk on January 22, 2016, when Fuller fell. Moreover, other evidence presented at the summary judgment hearing revealed that no one, besides Fuller, had ever complained about the sidewalk outside of the restaurant.

Essentially, we agree with the district court that Fuller's contention that she tripped on an uneven section of concrete is supported entirely by circular logic, rather than by any actual evidence. Fuller believes that she would not have tripped if the walking surface on the sidewalk was even. She tripped. Thus, the surface was uneven on the day that she tripped. In slip-and-fall cases, however, the mere fact that a fall occurred is not evidence of negligence, nor does it raise a presumption of negligence. *Clark v. Scheels All Sports*, 314 Neb. 49, ___ N.W.2d ___ (2023). See also *Herrera v. Fleming Cos.*, 265 Neb. 118, 123, 655 N.W.2d 378, 383 (2003). A plaintiff in a premises liability case is required to adduce evidence showing that there was a negligent act on the part of the defendant and that such act was the cause of the plaintiff's injury. *Id.* An allegation of negligence is insufficient where the finder of fact must guess at the cause of the accident. *Id.*

In her brief on appeal, Fuller argues that the existence of uneven concrete on the sidewalk outside of Pancheros would have been visible and apparent to the defendants had they properly inspected the area. She also asserts that uneven concrete "creating a trip hazard requires a period of time to form" and that, as a result, the defendants should have discovered the defect prior to her fall. Brief for appellant at 15-16. However, in her brief, Fuller fails to address the absence of evidence proving that there was uneven concrete on the sidewalk outside of Pancheros on the day of her fall. Whether the defendants knew or should have known of a dangerous condition is immaterial if there was no such dangerous condition. Failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial. *Estate of Block v. Estate of Becker*, 313 Neb. 818, 986 N.W.2d 726 (2023).

Simply stated, Fuller failed to present any evidence to affirmatively demonstrate that there was a defect in the sidewalk outside of Pancheros on the day of her fall and that any such defect

was the proximate cause of her fall. Given the absence of this evidence, the district court did not err in granting summary judgment in favor of the defendants.

## CONCLUSION

Because there was no evidence from which a reasonable finder of fact could infer the existence of a dangerous condition on the sidewalk outside of Pancheros at the time of Fuller's fall, Fuller failed to meet her burden to prove that any such dangerous condition was the proximate cause of her fall and subsequent injuries. The district court did not err in granting summary judgment in favor of the defendants.

AFFIRMED.